1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PERRY ROMANO,                         No.  2:14-cv-1726 TLN CKD PS

12              Plaintiff,

13        v.                               ORDER

14   US DIRECT EXPRESS,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding in this action pro se and in forma pauperis.  This

18   proceeding was referred to this court by Local Rule 302(c)(21).

19        By order filed October 9, 2014, plaintiff was ordered to show cause why this action should

20   not be dismissed for lack of subject matter jurisdiction.  Plaintiff has filed a response in which he

21   states this action is properly subject to diversity jurisdiction.[1]  Plaintiff does not specifically allege

22   the citizenship of defendant; however, it appears from the pleadings that defendant may be a

23   corporation located in Texas.  Although the parties may be diverse, it is questionable whether

24   plaintiff can in good faith meet the amount in controversy.  Plaintiff claims $1,000,000 in

25   damages for a simple credit card dispute.  On its face, this exaggerated demand appears to be

26   _____

     [1]  Plaintiff also contends federal question jurisdiction is appropriate because defendant violated
27   his constitutional rights.  Plaintiff cannot state a claim under 42 U.S.C. § 1983 because defendant
     is not a state actor.  Plaintiff's contention with respect to federal question jurisdiction is therefore
28   meritless.

                                    1

made in bad faith. See Diefenthal v. C.A.B., 681 F.2d 1039, 1052 (5th Cir. 1982) ("[A] court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury."). The complaint will therefore be dismissed with leave to amend. In any amended complaint, plaintiff must allege with specificity the basis for diversity jurisdiction, including the citizenship of the parties and a good faith claim for the amount in controversy and the basis therefor.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the

/////

amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

    3.  Plaintiff's request for appointment of counsel (ECF No. 12) is denied.

Dated:  October 20, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 romano1726.lta