UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROMANO,<br><br>            Plaintiff,<br><br>     v.<br><br>US DIRECT EXPRESS,<br><br>            Defendant. | No. 2:14-CV-1726 TLN CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

By order filed October 9, 2014, plaintiff was ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff filed a response in which he asserted that this action is properly subject to diversity jurisdiction.[1] Because plaintiff had not specifically alleged the citizenship of defendant, leave to amend was granted. In the order granting leave to amend, the court noted it was questionable whether plaintiff could in good faith

/////

---

[1] Plaintiff also contended federal question jurisdiction is appropriate because defendant violated his constitutional rights. Plaintiff cannot state a claim under 42 U.S.C. § 1983 because defendant is a corporation and not a state actor. Plaintiff's contention with respect to federal question jurisdiction is therefore meritless.

1

1   meet the amount in controversy.² Plaintiff was advised that any amended complaint must allege

2   with specificity the basis for diversity jurisdiction, including the citizenship of the parties and a

3   good faith claim for the amount in controversy and the basis therefor.

4   Plaintiff has now filed an amended complaint.  Although plaintiff now alleges that

5   defendant is a corporation located in Texas, the amended complaint does not meet the amount in

6   controversy requirement for diversity jurisdiction.  See 28 U.S.C. § 1332.  Because it does not

7   appear plaintiff can allege a proper basis for jurisdiction, this action should be dismissed for lack

8   of subject matter jurisdiction.

9   Plaintiff has again requested the appointment of counsel.  The United States Supreme

10  Court has ruled that district courts lack authority to require counsel to represent indigent prisoners

11  in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

12  exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

13  28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

14  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find

15  the required exceptional circumstances.  Plaintiff's second request for the appointment of counsel

16  will therefore be denied.

17  Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of

18  counsel (ECF No. 16) is denied; and

19  IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter

20  jurisdiction.

21  These findings and recommendations are submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23  after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

---

² In the original complaint, plaintiff claimed $1,000,000 in damages for a simple credit card dispute. On its face, this exaggerated demand appears to be made in bad faith. See Diefenthal v. C.A.B., 681 F.2d 1039, 1052 (5th Cir. 1982) ("[A] court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury.")

1 | within the specified time may waive the right to appeal the District Court's order. Martinez v.
2 | Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated: October 30, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 romano1726.57